IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDGAR REYES-COLON
Plaintiff

vs

BANCO POPULAR DE PUERTO
RICO
Defendant

CIVIL 14-1128CCC

## OPINION AND ORDER

The action before us, filed by plaintiff Edgar Reyes-Colón pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et. seq., and Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141, seeks "redress for defendant's [Banco Popular de Puerto Rico, "Banco Popular" or "the bank"] allegedly] willful and malicious actions against plaintiff's protected rights." Complaint (D.E. 1, ¶ 1). We now address the bank's Motion for Summary Judgment and Incorporated Memorandum of Law (**D.E. 25**) which plaintiff opposed (D.E. 27) and to which Defendant replied (D.E. 31).

Because the ruling on this motion rides on an issue of law, and is more in the nature of a motion to dismiss, we begin with a brief history of the undisputed facts and proceed to a direct analysis pursuant to the laws and jurisprudence applicable to the case.

Plaintiff Reyes maintained a line of credit with Westernbank, a banking institution with its principal place of business in Puerto Rico. Complaint (D.E. 1, ¶ 8). In 2010, Westernbank was taken over by the Federal Deposit Insurance Corporation. Id., at ¶ 9. Pursuant to the Purchase and Assumption Agreement ("the Agreement") between the Federal Deposit Insurance Corporation as Receiver of Westernbank Puerto Rico, Mayagüez, Puerto Rico; Federal Deposit Insurance Corporation ("the Receiver"); Banco Popular de

CIVIL 14-1128CCC                    2

Puerto Rico ("the Assuming Institution"); and FDIC acting in its corporative capacity, entered into on April 30, 2010 ("the P&A Agreement") (Civ. 10-2131, D.E. 1, Ex. 4), Banco Popular purchased certain assets and assumed certain liabilities of the failed bank.[1]

Three years later, on July 6, 2013, Banco Popular cancelled Reyes' line of credit  which, pursuant to the P&A Agreement, it had assumed.  Reyes alleges in the complaint that:

> After the 'FDIC's taking, Banco Popular became the collector for the FDIC regarding Westernbank's accounts, including Reyes accounts that used to belong and were in agreement with Westernbank.

(¶ 9)

> Banco Popular is neither the creditor nor owner of Reyes' accounts, but the facilitator or collector of the debt for the FDIC.

(¶ 10)

> Banco Popular is a collector, as defined by law, as it is seeking the collection of accounts taken over by the FDIC from Westernbank.

(¶ 20)

He claims as a first cause of action, "[d]efendant's conduct against Dr. Reyes constitutes a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq."  (¶ 23).  He also includes as a second cause of action that "[d]efendant's conduct against Dr. Reyes is prohibited by the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq."  (¶ 29).  His third and last claim is a supplemental jurisdictional claim under Article 1802 of the Civil Code of Puerto Rico for damages on account of negligence.

---

[1]Articles II and III of the P&A Agreement.

CIVIL 14-1128CCC                    3

**CLAIM UNDER THE FDCPA**

A review of the FDCPA, the P&A Agreement and applicable jurisprudence demonstrate the error of the plaintiff's characterization of defendant as a debt collector under the cited law.  The FDCPA is a consumer protection statute that prohibits certain abusive, deceptive and unfair debt collection practices by many debt collectors.  See 15 U.S.C. § 1692.  Marx v. Gen Revenue Corp., 133 S.Ct. 1166, 1171 n.1 (2013); 15 U.S.C. § 1692a(6) defines "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . . the term includes any creditor who, in the process of collecting his own debts, uses any name other that his own which would indicate a third person is collecting or attempting to collect such debts . . . .

That is, creditors collecting on their own accounts are generally excluded from the statutes reach.  Id. Chiang v. Verizon New England, 595 F.3d 2641 (1st Cir. 2010).

As stated in the P&A Agreement at Article III -- Purchase of Assets, Section 3.1, Assets Purchased by the Assuming Institution; that is, Banco Popular:

> With the exception of certain assets expressly excluded in Sections 3.5 and 3.6, The Assuming Institution hereby **purchases from the Receiver** [FDIC], **and the Receiver hereby sells, assigns, transfers, conveys and delivers to the Assuming Institution , all right, title, and interest of the Receiver in and to all of the assets . . . of the Failed Bank [Westernbank]**, whether or not reflected on the books of the Failed Bank as of Bank Closing.
>
> . . .

(Our emphasis).

Moreover, for purposes of applying the FDCPA to a particular debt, the two categories -- debt collectors and creditors -- are mutually exclusive. Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir. 2003).  If the

CIVIL 14-1128CCC                    4

one who acquired the debt continues to service it, it is acting much like the original creditor that created the debt.  Id.  That is, the FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not." Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir. 2003).  It is undisputed that Banco Popular is not a debt collector within the statutory definition.

     In sum, the P&A Agreement clearly and unequivocally contradicts the allegations of plaintiff's complaint. Further, Reyes, in his opposition to the Motion for Summary Judgment, fails to identify any provision in the agreement that would support his contention that Banco Popular did not assume his line of credit and that it is acting as an agent for the FDIC. That the line of credit endured for more than three years after the P&A Agreement was signed, further supports Banco Popular's role as creditor, not as a debt collector for the FDIC. Reyes has failed to state a claim under the FDCPA.


**CLAIM UNDER THE EQUAL CREDIT OPPORTUNITY ACT**

     ECOA prohibits discrimination "with respect to any aspect of a credit transaction[,] on the basis of race, color, religion, national origin, sex, or marital status, or age."  15 U.S.C. § 1691(a).  Rosa v. Park West Bank & Trust Co., 214 F.3d 213, 215 (1st Cir. 2000).  Reyes has failed to allege any facts that would state a cause of action under this statute.  Accordingly, absent federal allegation or evidence that would support such discrimination, this claim also fails.

CIVIL 14-1128CCC                    5

**CLAIM UNDER ARTICLE 1802**

The Court having dismissed Reyes' federal claims, it declines the exercise of jurisdiction over the state claim (where a federal court has dismissed the anchoring federal claims over which it has original jurisdiction, the Court "may decline to exercise supplemental jurisdiction" over the remaining state law claims).   See 28 U.S.C. § 1367(c)(3); Desjardins v. Willard, 777 F.3d 43, 45 (1st Cir. 2015); see also Van Wagner Boston, LLC v. Davey, 770 F.3d 33 (1st Cir. 2014).


**ATTORNEY'S FEES AND COSTS**

Defendant has requested an award of attorney's fees.  The FDCPA, 15 U.S.C. § 1692k(a)(3) provides that, "'[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs."

A review of the law and the P&A Agreement reflects that the attempt to create claims under federal laws, where clearly none existed, was a frivolous effort that resulted in harassment against the defendant bank.  For this reason, Banco Popular's request is GRANTED.

For the above stated reasons, Banco Popular's Motion for Summary Judgment (**D.E. 25**) is GRANTED and this action is DISMISSED, with prejudice. Judgment to be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on September 30, 2015.


S/CARMEN CONSUELO CEREZO
United States District Judge